IN THE CIRCUIT COURT OF DAVIDSON COUNTY, TENNESSEE
FOR THE TWENTIETH JUDICIAL DISTRICT AT NASHVILLE

| | |
|---|---|
| JERMAINE A. EUGENE<br><br>PLAINTIFF,<br><br>v.<br><br>GARETH A. CALDWELL and<br>WESTERN EXPRESS<br>DEFENDANT. | NO. 18C2532<br>JURY DEMANDED |

## COMPLAINT

COMES NOW Plaintiff JERMAINE A. EUGENE, by and through his attorney Daryl A. Gray, and for his cause of action against Defendants GARETH A. CALDWELL and WESTERN EXPRESS states:

### Parties

1. Plaintiff JERMAINE A. EUGENE is and was at all times relevant to this Complaint a resident of Iberia Parish, Louisiana with a mailing address of 1019 Pellerin St., Jeanerette in Iberia Parish LA 70544.

2. Defendant GARETH A. CALDWELL driving for WESTERN EXPRESS, was at all times relevant to this Complaint a resident of Perry County, Kentucky with a mailing address of 571 Arrow Word Dr., Happy, KY 41746.

3. Defendant WESTERN EXPRESS is and was at all times relevant to this Complaint a for-profit limited liability company organized under the laws of the State of Tennessee with its principal place of business at 7135 Centennial Pl., Nashville, Davidson, TN.

## Jurisdiction and Venue

4. The Plaintiff's causes of action and damages stated herein arise out of a motor vehicle collision that occurred on October 14, 2017, on Interstate 40 near mile marker 191, in Davidson County, Tennessee, caused by the negligence, wrongful acts, and/or omissions of the Defendants.

5. At all relevant times, Defendants' acts and omissions have consequences within the United States and the State of Tennessee.

6. This Court has personal jurisdiction over the parties pursuant to *inter alia* Tenn. Code Ann. § 20-2-223.

7. This Court has subject matter jurisdiction pursuant to Tenn. Code Ann. § 16-10-101.

8. Venue is proper in this Court pursuant to Tenn. Code Ann. § 20-4-101.

## General Allegations of Fact

9. Plaintiff re-alleges and incorporates Paragraphs 1 - 8 above as if specifically set forth.

10. On October 14, 2017, Plaintiff JERMAINE A. EUGENE was in a 2016 Truck-Tractor cab, [redacted] by US EXPRESS (non-party). JERMAINE A. EUGENE parked eastbound on I-40 near the 191-mile marker. While parked he was driving was violently struck by the defendant GARETH A. CALDWELL in defendant WESTERN EXPRESS'S truck-tractor semi-trailer on I-40 near 191-mile marker, in Davidson County, Tennessee.

11. On the same date, Defendant GARETH A. CALDWELL was driving a 2017 Tractor semi-trailer, ▮▮▮▮▮▮▮▮▮▮▮▮ wned by, WESTERN EXPRESS was traveling eastbound Interstate 40, in Davidson County, TN..

12. Defendant CALDWELL failed to maintain a proper lookout and did not see Mr. EUGENE'S vehicle. Defendant CALDWELL then attempted to avoid a collision by passing on the left side of Plaintiff's vehicle but struck the rear of Mr. EUGENE'S vehicle.

13. At all times material, Mr. EUGENE was at a stop on the shoulder of Interstate 40 eastbound with his hazard lights flashing.

14. Defendant CALDWELL operated his vehicle in a negligent manner, such that Mr. EUGENE in exercising due care was unable to avoid a collision.

15. After the collision negligently caused by Defendant CALDWELL, Plaintiff's vehicle sustained serious damages.

16. Defendant CALDWELL caused this accident and is 100% at fault for same.

17. There was nothing Plaintiff could do to avoid the accident.

18. As a result of Defendant CALDWELL's negligent actions, Plaintiff JERMAINE A. EUGENE sustained bodily injuries, mental anguish, and personal damages.

19. Defendant CALDWELL was acting recklessly and negligently in the operation of his vehicle and with a reckless disregard for the safety of others and was the direct and proximate cause of the vehicle collision and the resulting injuries and damages to Plaintiff.

### Imputed Negligence

20. Defendant WESTERN EXPRESS, the owner of the vehicle driven by Defendant CALDWELL, negligently entrusted the vehicle to, or otherwise turned it over to, Defendant GARETH A. CALDWELL, for their joint use and benefit, making Defendant

Page 3 of 10

Case 3:19-cv-00147 Document 1-1 Filed 02/14/19 Page 3 of 10 PageID #: 7

WESTERN EXPRESS, responsible for the negligent acts and omissions of Defendant CALDWELL, under the doctrine of respondeat superior, common law of the State of Tennessee and the following statutes, to wit:

> **Tenn. Code Ann. § 55-10-311 - Ownership; prima facie evidence;**
> (a) In all actions for injury to persons and/or to property caused by the negligent operation or use of any automobile, auto truck, motorcycle, or other motor propelled vehicle within this state, proof of ownership of the vehicle shall be prima facie evidence that the vehicle at the time of the cause of action sued on was being operated and used with authority, consent and knowledge of the owner in the very transaction out of which the injury or cause of action arose, and the proof of ownership likewise shall be prima facie evidence that the vehicle was then and there being operated by the owner, or by the owner's servant, for the owner's use and benefit and within the course and scope of the servant's employment. The prima facie evidence rules of the preceding sentence shall also apply in cases of the negligent operation of a vehicle being test-driven by a prospective purchaser with the knowledge and consent of the seller or the seller's agent, whether or not the seller or the seller's agent is present in the vehicle at the time of the alleged negligent operation.
>
> ...
>
> (c) This section is in the nature of remedial legislation and it is the legislative intent that it be given a liberal construction.
>
> **§ 55-10-312 - Registration; prima facie evidence;**
> (a) Proof of the registration of the motor-propelled vehicle in the name of any person shall be prima facie evidence of ownership of the motor propelled vehicle by the person in whose name the vehicle is registered; and the proof of registration shall likewise be prima facie evidence that the vehicle was then and there being operated by the owner or by the owner's servant for the owner's use and benefit and within the course and scope of the servant's employment.

21. At all times relevant hereto, Defendant CALDWELL operated the 2017 Tractor semi-trailer, VIN ~~[redacted]~~ d by Defendant WESTERN EXPRESS, within the scope of the employer/employee relationship for the use and benefit of the owner's business and with the owner's permission and/or Defendant WESTERN EXPRESS, negligently entrusted the vehicle to Defendant CALDWELL for

his use and benefit with his permission. As a result, Defendant WESTERN EXPRESS is responsible for the negligent acts of Defendant GARETH A. CALDWELL.

## CAUSES OF ACTION

### COUNT I
### COMMON LAW NEGLIGENCE

22. Plaintiff re-alleges and incorporates Paragraphs 1 - 21 above as if specifically set forth.

23. Defendant CALDWELL, as the driver of the 2017 Tractor semi-trailer, VIN ███████████ed by WESTERN EXPRESS, directly and proximately was guilty of the following acts and/or omissions of common law negligence, each and every one of which was a direct and proximate cause of the collision and severe and permanent physical injuries and damages to the Plaintiff JERMAINE A. EUGENE, to wit:

   a. Negligently and carelessly failing to maintain control of his vehicle;

   b. Negligently and carelessly failing to yield the right-of-way to Plaintiff;

   c. Negligently failing to keep proper lookout;

   d. Negligently and carelessly failing to use the degree of care and caution in the operation of said vehicle as is required of a reasonable, prudent driver;

   e. Negligently and carelessly failing to use the degree of care and caution in the operation of said vehicle as is required of a reasonable, prudent professional truck driver;

f. Negligently driving a vehicle in such a manner as to cause same to collide with Plaintiff's vehicle;

g. Negligently operating the vehicle at an unsafe speed and manner for conditions;

h. Negligently failing to devote full time and attention to the operation of the vehicle;

i. Negligently operating his tractor truck outside of his lane of travel and over the fog line of Interstate 40;

j. Negligently operating his tractor truck at an excessive rate of speed on the shoulder of Interstate 40;

k. Negligently failing to do what he should have done or see what he should have seen to avoid the accident at issue;

l. Such other acts of negligence that may be proved at the trial of the cause.

## COUNT II
## NEGLIGENCE *PER SE*

24. Plaintiff re-alleges and sets forth Paragraphs 1-23 above as if specifically set forth.

25. Plaintiff alleges that there were in full force and effect statutes of the State of Tennessee *inter alia*, set forth in Tennessee Code Annotated, governing the operation of motor vehicles on the roads and highways in this State, and that Defendant violated one or more of said statutes.

26. Each and all of such violations of these statutes were negligence per se and constituted a direct and proximate cause of said collision.

27. Said statutes so violated are *inter alia*:

   a. T.C.A. § 55-8-123. Traffic lanes;

   Whenever any roadway has been divided into two (2) or more clearly marked lanes for traffic, the following rules, in addition to all others consistent with this section, shall apply:

   (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety;

   b. T.C.A. §55-8-136. Due Care

   ...

   (b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person, or any road sign, guard rail or any fixed object either legally using or legally parked or legally placed, upon any roadway, within or beside the roadway right-of-way including, but not limited to, any adjacent sidewalk, bicycle lane, shoulder or berm. (c) A violation of this section is a Class C misdemeanor.

c. T.C.A. § 55-8-103. Obedience to all Traffic Laws Required.

It is unlawful and, unless otherwise declared in this chapter and chapter 10, parts 1-5 of this title with respect to particular offenses, it is a Class C misdemeanor, for any person to do any act forbidden or fail to perform any act required in this chapter and chapter 10 of this title.

d. T.C.A. § 55-10-205. Reckless Driving.

(a) Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

(d)(1) A violation of this section is a Class B misdemeanor

28. As a direct and proximate cause of Defendant's actions, Plaintiff has suffered significant damages, including but not limited to serious bodily injury, loss of monetary capital, pain and suffering, mental anguish, and economic loss caused by Defendant's negligence, all of which entitles Plaintiff to recover a judgment against the Defendant for compensatory damages in an amount deemed reasonable by a jury.

29. Plaintiff is, therefore, entitled to recover judgment against Defendant for compensatory damages in such amounts as deemed reasonable by a jury.

## Damages

30. Plaintiff re-alleges and sets forth Paragraphs 1-29 above as if specifically set forth.

31. As a direct and proximate result of the aforementioned acts and omissions of common law and statutory negligence on the part of the Defendant, directly or by

imputation, Plaintiff was caused to suffer severe and permanent injuries, including, but not limited to, the following:

a. Severe, painful, and permanent injury;

b. Fright and serious shock;

c. Great physical pain and mental suffering;

d. Psychological injuries, nervousness, and anxiousness;

e. Inability to enjoy the normal pleasures of life;

f. Property damage;

g. Expenses for transportation, parking, and other expenses incurred as a result of the collision and resulting injuries;

h. Lost wages and/or time;

i. Impaired future earning capacity; and

j. Any other damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. As to all Counts, an award of compensatory damages in the amount of $1,500,000 (ONE MILLION FIVE HUNDRED THOUSHAND DOLLARS) to the Plaintiff resulting from Defendant's acts and omissions, in an amount to be determined reasonable by a jury;

D. Awarding the costs and the expenses of this litigation, including a reasonable attorney's fee to the Plaintiff; and

E. Such other general relief as the Court deems just and proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL CLAIMS IN THIS CIVIL ACTION, AS PROVIDED BY RULE 38.02 OF THE TENNESSEE RULES OF CIVIL PROCEDURE.

Respectfully submitted,
Gray Law Group, LLC

By: *[signature]*

Daryl A. Gray, B.P.R. No. 027781
Attorneys for Plaintiff
10555 Lake Forest Blvd., #9c
New Orleans, LA 70127
(504) 264-5551 (Telephone)
(504) 264-5581 (Facsimile)
daryl@gograylaw.com